**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CLAY WALKER and BRICIA WALKER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | NO. 13 C 2088 |
| | ) | |
| CITY OF CHICAGO, OFFICER CASTRO #16563, | ) | |
| OFFICER YOUNG # 19626, SERGEANT MICELI #1727, | ) | |
| SERGEANT ASSAF #1778, OFFICER | ) | |
| HALLINAN #4709, OFFICER PENNIE #15646, | ) | |
| OFFICER BUKOWSKI #11982, OFFICER BAC #15751 | ) | |
| and SERGEANT CONLEY #1343 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COME the Plaintiffs, CLAY WALKER and BRICIA WALKER, by and through their attorney, BASILEIOS J. FOUTRIS, and complaining against the Defendants, CITY OF CHICAGO, OFFICER CASTRO #16563, OFFICER YOUNG # 19626, SERGEANT MICELI #1727, SERGEANT ASSAF #1778, OFFICER HALLINAN #4709, OFFICER PENNIE #15646, OFFICER BUKOWSKI #11982, OFFICER BAC #15751 and SERGEANT CONLEY #1343, state as follows:

**Nature of Action**

1. This action is brought pursuant to the Laws of the United States Constitution, through 42 U.S.C. §1983 and 42 U.S.C. §1988, to redress deprivations of the Civil Rights of the Plaintiffs by the Defendants.

**Jurisdiction and Venue**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

1

3. At all relevant times, the Plaintiffs were both residents of the State of Illinois in this Judicial District. At all relevant times, Plaintiff Clay Walker was employed as a Chicago police officer.

4. The CITY OF CHICAGO is a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the CITY OF CHICAGO was the employer of Defendants, OFFICER CASTRO #16563, OFFICER YOUNG # 19626, SERGEANT MICELI #1727, SERGEANT ASSAF #1778, OFFICER HALLINAN #4709, OFFICER PENNIE #15646, OFFICER BUKOWSKI #11982, OFFICER BAC #15751 and SERGEANT CONLEY #1343, ("Defendant Officers"). The Defendant Officers were at all relevant times employed by the CITY OF CHICAGO as duly appointed police officers in the CITY OF CHICAGO acting within the course and scope of their employment and under color of law. OFFICER CASTRO #16563, OFFICER YOUNG # 19626, SERGEANT MICELI #1727, SERGEANT ASSAF #1778, OFFICER HALLINAN #4709, OFFICER PENNIE #15646, OFFICER BUKOWSKI #11982, OFFICER BAC #15751 and SERGEANT CONLEY #1343, are being sued in their individual capacities.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Facts**

6. On March 18, 2011, Clay Walker worked as a Chicago police officer in the 11th District. After he finished his shift, Clay Walker went home. At that time Clay Walker lived in a house in the City of Chicago, in the geographical boundaries of the Chicago police department's 16th District, with his wife Bricia Walker.

7. After he got home Clay Walker began doing chores and he also did some work on his car.

8. After Clay Walker got home and began doing chores and working on his car, his neighbor, Rosemary Sanchez, called 911 with complaints about Clay Walker.

9. Rosemary Sanchez had called 911 on many other occasions complaining about Clay Walker. Rosemary Sanchez's complaints were baseless.

10. On information and belief, Rosemary Sanchez had a close relative that worked as a Chicago police officer in the 16th District at that time.

11. Defendants Young, Castro and Miceli arrived in response to Rosemary Sanchez's call. All three of these defendants worked in the 16th District. On information and belief, all three of these defendants knew Rosemary Sanchez's relative.

12. Eventually Defendant Young gave Clay Walker a parking ticket. Clay Walker objected to the parking ticket. Defendant Miceli directed Defendants Young and Castro to place Clay Walker under arrest. Clay Walker was placed under arrest shortly after 12 A.M. on March 19, 2011.

13. Defendant Castro handcuffed Clay Walker.

14. Castro deliberately handcuffed Clay Walker in a manner that would cause pain in Clay Walker by ratcheting the handcuffs down as far as they would go. The handcuffs were placed so tight that they began to cut off the circulation in Clay Walker's hands.

15. Clay Walker felt significant pain due to the way in which he was handcuffed, immediately asked that the handcuffs be loosened, and immediately, and repeatedly, told Defendants Young, Castro and Miceli that the handcuffs were causing him pain.

16. Defendants Young, Castro and Miceli all could have loosened the handcuffs due to their proximity to Clay Walker, but all three of these Defendants declined to do so.

17. Defendants Castro and Young then took Clay Walker towards a police squad car. As they approached the squad car Clay Walker informed Castro and Young that he had a back condition that could be injured, and asked that Castro and Young take care in placing him into the squad car so that they would not hurt his back. Also, on the way to the squad car, Clay Walker repeatedly asked that his handcuffs be either loosened or double locked, and informed Castro and Young that his hands were going numb. Castro and Young refused to loosen or double lock the handcuffs. Castro and Young could each have loosened the handcuffs at this time, but declined to do so.

18. Castro and Young deliberately placed Clay Walker on his back in the squad car – which caused Clay Walker's back to spasm, causing him great pain, and which caused the handcuffs to tighten even more, causing Clay Walker even more pain. Clay Walker again indicated that the handcuffs were causing him pain and asked that they be loosened, and asked that he be re-positioned due to the back pain. Neither Castro nor Young loosened the handcuffs at that time, nor did they re-position him so that he was not on his back, even though they each could have done so. Instead, they caused the squad car door to be closed.

19. Clay Walker began to call out for help, stating that his back was hurting due to the way that he was placed in the squad, and stating that the handcuffs were too tight – thereby causing him pain and making his hands go numb.

20. A police officer responded to the calls for help by opening the door. However, Castro intervened. Castro stopped the other officer from loosening the handcuffs. Instead, Castro kicked Clay Walker and stated "No fuck him. Look how he's treating us."

21. After Clay Walker had been placed under arrest, Defendants Miceli and Assaf entered the Walker home. Clay Walker had not given consent for either Miceli or Assaf to enter the home. Bricia Walker had not given consent for either Miceli or Assaf to enter the home. There were no exigent circumstances present which would have given Miceli or Assaf a legal justification to enter the Walker home. There was no probable cause for any police officer to enter the Walker home. Neither Miceli nor Assaf had a warrant to enter the Walker home.

22. After entering the Walker home, Miceli and Assaf searched the home, ransacking the residence in the process.

23. Eventually, Clay Walker was transported to the 16th District.

24. Clay Walker was placed into a holding cell with the handcuffs on. He continued to complain about the pain and numbness in his hands due to the handcuffs. Eventually, the handcuffs were taken off Clay Walker after he was in the cell. At that point, in addition to other injuries, his hands were blue and gray.

25. Eventually, after Clay Walker was in the cell for a period of time, Defendants Hallinan, Pennie, Bukowski, Conley and Bac entered the cell. Clay Walker was then beaten by Hallinan and/or Pennie and/or Bukowski and/or Conley and/or Bac. Each of these officers could have stopped or prevented the beating by the other officers, but each declined to do so. On information and belief, all five of these defendants knew Rosemary Sanchez's relative.

26. After the beating, the Plaintiff was ordered to strip naked. Clay Walker was then left almost completely naked in the cell.

27. After a period of time, Defendants Hallinan, Pennie, Bukowski and Bac re-entered the cell. At that time, Clay Walker was beaten again by Hallinan and/or Pennie and/or Bukowski and/or Bac. Each of these officers could have stopped or prevented the beating by the

5

other officers, but each declined to do so. In addition, during this beating, Defendant Hallinan cut the top of Clay Walker's head with a knife, an injury that required several staples.

28. Eventually, Clay Walker was taken to a hospital for treatment.

29. After leaving the hospital, Clay and Bricia Walker went back to the 16th District to retrieve Clay Walker's belongings. When they entered the station, Rosemary Sanchez's relative was at the desk. After staring and glaring at Clay Walker, that officer began leaving the desk area – but then stopped, turned to Clay Walker and said "I'm going to be at your house every day watching you!"

30. The Plaintiff suffered injuries and bodily harm due to the manner in which he was treated by the Defendants.

31. Following the Plaintiff's arrest, the Defendant Officers conspired to conceal and/or cover-up the excessive use of force used against Clay Walker, and the unlawful entry and search of the Plaintiffs' home. In doing so the Defendant Officers purposely failed to document the actual events, they made statements that were not truthful or accurate concerning the events, including to IPRA, they concealed the actual events, and they authored and/or allowed official reports and documents to be authored that concealed the actual events.

### COUNT I - 42 U.S.C. §1983
### Excessive Force by Castro, Young, Hallinan, Pennie, Bukowski, Conley & Bac

32. The Plaintiffs re-allege Paragraphs 1 through 31, inclusive, and incorporate those Paragraphs herein, as though fully stated as this Paragraph 32.

33. As described above, the Defendants, Castro, Young, Hallinan, Pennie, Bukowski, Conley and/or Bac, used excessive force against the Plaintiff.

34. The misconduct was undertaken by the Defendants, Castro, Young, Hallinan, Pennie, Bukowski, Conley and/or Bac, under color of law, under the course and scope of their

6

employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

35. The acts of the Defendants, Castro, Young, Hallinan, Pennie, Bukowski, Conley and/or Bac, were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

36. As a direct and proximate result of the acts of the Defendants, Castro, Young, Hallinan, Pennie, Bukowski, Conley and Bac, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, CLAY WALKER, prays for judgment in his favor and against the Defendants, OFFICER CASTRO #16563, OFFICER YOUNG # 19626, OFFICER HALLINAN #4709, OFFICER PENNIE #15646, OFFICER BUKOWSKI #11982, OFFICER BAC #15751 and SERGEANT CONLEY #1343, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, OFFICER CASTRO #16563, OFFICER YOUNG # 19626, OFFICER HALLINAN #4709, OFFICER PENNIE #15646, OFFICER BUKOWSKI #11982, OFFICER BAC #15751 and SERGEANT CONLEY #1343, as well as any other relief this Court deems just and appropriate.

### COUNT II - 42 U.S.C. §1983
**Failure to Intervene by Castro, Young, Miceli, Hallinan, Pennie, Bukowski, Conley & Bac**

37. The Plaintiffs re-allege Paragraphs 1 through 36, inclusive, and incorporate those Paragraphs herein, as though fully stated as this Paragraph 37.

38. The Defendants, Castro, Young, Miceli, Hallinan, Pennie, Bukowski, Conley and Bac, each stood by and watched without intervening to prevent the violence to which the Plaintiff was subjected, as referenced above, in violation of the United States Constitution. The Defendants, Castro, Young, Miceli, Hallinan, Pennie, Bukowski, Conley and Bac, each had a

7

reasonable opportunity to prevent the harm referenced above had they been so inclined, but each failed to do so.

39. The misconduct was undertaken by the Defendants, Castro, Young, Miceli, Hallinan, Pennie, Bukowski, Conley and Bac, under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

40. The acts of the Defendants Castro, Young, Miceli, Hallinan, Pennie, Bukowski, Conley and Bac, were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

41. As a direct and proximate result of the acts of the Defendants, Castro, Young, Miceli, Hallinan, Pennie, Bukowski, Conley and Bac, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, CLAY WALKER, prays for judgment in his favor and against the Defendants, OFFICER CASTRO #16563, OFFICER YOUNG # 19626, SERGEANT MICELI #1727, OFFICER HALLINAN #4709, OFFICER PENNIE #15646, OFFICER BUKOWSKI #11982, OFFICER BAC #15751 and SERGEANT CONLEY #1343, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, OFFICER CASTRO #16563, OFFICER YOUNG # 19626, SERGEANT MICELI #1727, OFFICER HALLINAN #4709, OFFICER PENNIE #15646, OFFICER BUKOWSKI #11982, OFFICER BAC #15751 and SERGEANT CONLEY #1343, as well as any other relief this Court deems just and appropriate.

### COUNT III - 42 U.S.C. §1983
### Illegal/Unlawful Entry and Search into Plaintiffs' Home by Miceli and Assaf

42. The Plaintiffs re-allege Paragraphs 1 through 41, inclusive, and incorporate those Paragraphs herein, as though fully stated as this Paragraph 42.

43. As described above, the Defendants, Miceli and Assaf, illegally, inappropriately, unlawfully, and in contravention of the United States Constitution, entered the Plaintiffs' home without a warrant, consent or legal justification.

44. The misconduct was undertaken by the Defendants, Miceli and Assaf, under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiffs' constitutional rights.

45. The acts of the Defendants, Miceli and Assaf, were undertaken in violation of the Plaintiffs' rights as guaranteed by the United States Constitution.

46. As a direct and proximate result of the acts of the Defendants, Miceli and Assaf, the Plaintiffs were injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiffs, CLAY WALKER and BRICIA WALKER, pray for judgment in their favor and against the Defendants, SERGEANT MICELI #1727 and SERGEANT ASSAF #1778, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, SERGEANT MICELI #1727 and SERGEANT ASSAF #1778, as well as any other relief this Court deems just and appropriate.

**Count IV - 42 U.S.C. §1983**
**Conspiracy by Castro, Young, Miceli, Assaf, Hallinan, Pennie, Bukowski, Conley & Bac**

47. The Plaintiffs re-allege Paragraphs 1 through 46, inclusive, and incorporate those Paragraphs herein, as though fully stated as this Paragraph 47.

48. As described above, the Defendants, Castro, Young, Miceli, Assaf, Hallinan, Pennie, Bukowski, Conley & Bac, unlawfully, and in violation of the United States Constitution, conspired to conceal and/or cover-up the events of March 18 and 19, 2011.

49. The misconduct was undertaken by the Defendants, Castro, Young, Miceli, Assaf, Hallinan, Pennie, Bukowski, Conley & Bac, under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiffs' constitutional rights.

50. The acts of the Defendants, Castro, Young, Miceli, Assaf, Hallinan, Pennie, Bukowski, Conley & Bac, were undertaken in violation of the Plaintiffs' rights as guaranteed by the United States Constitution.

51. As a direct and proximate result of the acts of the Defendants, Castro, Young, Miceli, Assaf, Hallinan, Pennie, Bukowski, Conley & Bac, the Plaintiffs were injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiffs, CLAY WALKER and BRICIA WALKER, pray for judgment in their favor and against the Defendants, OFFICER CASTRO #16563, OFFICER YOUNG # 19626, SERGEANT MICELI #1727, SERGEANT ASSAF #1778, OFFICER HALLINAN #4709, OFFICER PENNIE #15646, OFFICER BUKOWSKI #11982, OFFICER BAC #15751 and SERGEANT CONLEY #1343, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, OFFICER CASTRO #16563,

OFFICER YOUNG # 19626, SERGEANT MICELI #1727, SERGEANT ASSAF #1778, OFFICER HALLINAN #4709, OFFICER PENNIE #15646, OFFICER BUKOWSKI #11982, OFFICER BAC #15751 and SERGEANT CONLEY #1343, as well as any other relief this Court deems just and appropriate.

### Count V - Illinois State Law
### Indemnification - Chicago

52. The Plaintiffs re-allege Paragraphs 1 through 51, inclusive, and incorporate those Paragraphs herein, as though fully stated as this Paragraph 52.

53. At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

54. At all relevant times the CITY OF CHICAGO was the employer of the Defendant Officers.

WHEREFORE, the Plaintiffs, CLAY WALKER and BRICIA WALKER, pursuant to 745 ILCS 10/9-102, demand judgment against Defendant, CITY OF CHICAGO, in the amounts awarded to the Plaintiffs against the individual Defendants, and for whatever additional relief this Court deems just and appropriate.

### JURY DEMAND

The Plaintiffs demand a trial by jury on all Counts.

Respectfully Submitted by,

s/Basileios J. Foutris
BASILEIOS J. FOUTRIS
Attorney for Plaintiffs
FOUTRIS LAW OFFICE, LTD.
53 W. Jackson, Suite 252
Chicago, IL 60604
312-212-1200
bfoutris@foutrislaw.com